## LUELLA CHASE, RESPONDENT, *v.* JOHN C. CHASE, APPELLANT.

*Action for separation — settlement of it by the parties — right of the plaintiff's attorney to counsel fees — what must be shown to entitle him to an order allowing it.*

In this action, brought by a wife to procure a separation from her husband upon the ground of cruel and inhuman treatment, an answer was served on September twenty-ninth. On October fifteenth the plaintiff returned to and has ever since lived with her husband. October sixteenth the plaintiff's attorney moved in her name for the allowance of a counsel fee for his services in the action. An order was made allowing him twenty-five dollars as a counsel fee and ten dollars costs of the motion.

*Held,* that the order was improperly made for the reasons:

That the settlement of the action by the parties thereto could not be set aside without proof that it was made in bad faith, with intent to defraud the attorney

That the plaintiff herself was entitled to notice of the motion.

That it was not shown that the wife was not able to satisfy any liability she might have incurred.

That the motion should have been made by the attorney in his own name.

That no costs of the motion should have been allowed, as none were asked for in the motion papers.

APPEAL from an order made at the Oneida Special Term allowing twenty-five dollars as counsel fee and ten dollars costs of the motion therefor.

*E. H. Risley* and *A. C. Woodruff*, for the appellant.

*M. H. Powers*, for the respondent.

HARDIN, J.:

This action was brought by the wife for a separation from her husband upon the ground of alleged cruel and inhuman treatment. An answer was served September 29, 1882.

On the 15th of October, 1882, the wife returned to live with her husband, and has since continued to live with him as his wife.

October 16, 1882, the plaintiff's attorney, in the name and behalf of the wife, noticed a motion "for an order allowing the plaintiff's attorney a counsel fee for his services in the aforesaid action."

On the 24th of October, 1882, the motion at the Oneida Special Term was heard and an order was granted "that defendant pay plaintiff's attorney a counsel fee of twenty-five dollars and ten dollars costs of motion fees, in all the sum of thirty-five dollars, "and that after ten days issue for the collection thereof, if not in that time by defendant." Defendant appeals from the order. The attorney has mistaken his remedy. The settlement by the parties is not shown to be in bad faith, with intent to defraud the attorney. Such settlements are favored by the policy of the law. Before the settlement can be set aside or treated as fraudulent some good reason therefor, as between the parties, must be shown, and the plaintiff herself is entitled to notice of any application for such purpose. (*Dimick* v. *Cooley*, 16 Weekly Dig., 115; *Murray* v. *Jibson*, 22 Hun, 386.) "So far as she is concerned it is a bar to her further prosecuting the action or suing again for the same cause, whatever remedy the attorneys may be entitled to in their own behalf." (Opinion of SMITH, page 388; see, also, *Jenkins* v. *Adams*, 22 Hun, 600; *Goddard* v. *Trenbath*, 24 id., 183.)

If the attorney as such has any claim for counsel fees or costs upon the defendant, he must, in his own behalf, notice his motion or bring his action to enforce such claim.

Besides there is no proof that the wife is not able pecuniarily to satisfy any liability she may have incurred by reason of her employ-

ment of the attorney. No costs should have been allowed in the order as they were not asked for in the notice of motion.

The order should be reversed, without costs.

SMITH, P. J., and BARKER, J., concurred.